SCHAUER, J.
Defendant appeals from a judgment of conviction of violation of section 237, Vehicle Code. All of the evidence upon which the conviction is based was presented by stipulation. From such stipulated facts, it appears that at the time of defendant’s arrest, 6 May 1939, he was operating his automobile on a public highway in the city of Los Angeles and that at that time there was displayed in the automobile, as required by the Vehicle Code, a certificate of registration for the year 1939, bearing the number 8A-57-49 *Supp. 769 and that attached to the automobile were license plates, issued for it in 1938, and bearing the number IT-61-39. Because defendant did not display 1939 license plates bearing the number conforming to the 1939 registration, he was arrested, charged, convicted and sentenced.
It further appears that defendant’s application for 1939 registration and license plates was seasonably made (23 January), that he then paid the full amount of the registration fee and vehicle tax and that the division of motor vehicles of the state in a few days forwarded to defendant the certificate of registration which was properly displayed in his car at the time of his arrest and certain proposed license plates bearing the identifying number shown on the certificate and also bearing the words “California World’s Fair ’39.” Immediately upon receipt of such plates defendant returned them to the division of motor vehicles, stating that they were not acceptable to him, that they did not bear the inscription required by section 156 of the Vehicle Code, that he did not wish to display advertising on his automobile without compensation and demanding that plates be issued to him without the advertising matter thereon. The division of motor vehicles declined to issue or provide defendant with any plates other than those originally tendered.
The foregoing stipulated facts not only fail to support defendant’s conviction but require that he be adjudged not guilty.
Section 237 of the Vehicle Code makes it unlawful to operate a motor vehicle on a highway only “unless there shall be attached thereto and displayed thereon when and as required by this code a valid registration card and license plate or plates issued therefor by the department for the current registration year.” Section 160 of the same code requires that application for renewal of annual registration of a vehicle shall be made, and the fee therefor paid, between January 1st and February 4th, succeeding expiration of the preceding registration, and section 161 provides that “When application for renewal of registration . . . has been made as required in section 160 hereof, such vehicle may be operated on the highways until the new license plate or plates have been received from the department upon condition that there be displayed on such vehicle the license plate or plates issued to such vehicle for the previous year.” Section 164 provides *Supp. 770 that upon renewing a registration the department “shall issue a new registration card and license plate or plates to the owner as upon an original registration. ’ ’
It will be remembered that section 237, above quoted from, and which defendant has been found guilty of violating, in so far as it is pertinent here, predicates the offense only on failure to display license plates “when and as required by this code.” The license plates so required by the code are described in section 156 (b) as follows: “Every license plate shall have displayed upon it the registration number assigned to the vehicle for which it is issued, together with the word ‘California’ or the abbreviation ‘Cal.’ and the year number for which it is issued.” There is nothing in the slightest degree uncertain or ambiguous in the foregoing language prescribing what shall be shown on the license plates. That language is obviously both inclusive and exclusive and it applies to every license plate. The department of motor vehicles had no more authority or right to require defendant to display, with or without compensation, a license plate advertising the California World’s Pair than it had to compel him to carry a banner or make oral speeches advertising the fair, the climate, prunes, oranges or a political party. It was clearly the duty of the department to furnish defendant with license plates “as required by this code” and he could not be compelled to display unauthorized plates. To hold otherwise would be to authorize the taking of his property without due process of law and would countenance an unwarranted invasion of his personal liberty.
While awaiting the receipt of proper plates defendant, exactly as required by the statute, displayed the plates issued to his vehicle for the preceding year. Thus, instead of proving a violation of the law, the stipulated facts, as above stated, show that defendant fully complied with it.
The judgment is reversed and the cause is remanded to the municipal court with directions to enter a judgment of not guilty.
Shaw, P. J., and Bishop, J., concurred.