[Crim. No. 2679.   Third Dist.   Nov. 19, 1956.]

THE PEOPLE, Respondent, v. FRANCIS M. MOLARIUS et al., Appellants.

Harold L. Abbott, Hardin Barry, Raymond A. Ferrario and Harpham & Holt for Appellants.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and James E. Pardee, District Attorney (Lassen), for Respondent.

VAN DYKE, P. J.—Appellants were jointly tried and convicted by a jury of having unlawfully transported codeine in violation of section 11500 of the Health and Safety Code and of having illegally used or been addicted to the use of narcotics in violation of section 11721 of the same code. They appeal from the judgments entered upon the verdicts upon the ground that the evidence upon which they were convicted was obtained by an illegal search of the automobile in which they were riding and which was owned and being operated by appellant Molarius at the time of their arrest. Appellant Pitta also appeals from the order denying his motion for a new trial.

The search of which appellants complain was made after they were arrested for having made a "U" turn in violation of section 541 of the Vehicle Code. Although one of the arresting officers testified that the arrest was also made because appellants had burglarious tools in their possession, he admitted that appellants were not advised that this was a cause of their arrest but were informed that they were being taken to jail because of the traffic violation. Moreover, there is no evidence that the arresting officers believed, or had any reason to believe, that the tools, which were lying loose on the back floor of the car, were possessed by appellants "with intent feloniously to break or enter into any building" in violation of section 466 of the Penal Code, and there is nothing in the record to show that appellants were charged with illegal possession of burglarious tools.

The search, which, as stated above, was of an automobile in which appellants were traveling at the time of their arrest, was made without a warrant. Obviously, the search

bore no relation to the traffic violation nor to the vagrancy charges upon which appellants were booked and, therefore, was not justified as incidental to the arrest therefor. (*People* v. *Blodgett,* 46 Cal.2d 114, 116 [293 P.2d 57].) Consequently, the determinative question on this appeal is whether there was any reasonable cause for the search. (*People* v. *Brown,* 45 Cal.2d 640, 643-645 [290 P.2d 528] ; *People* v. *Blodgett, supra.*) We have concluded that there was not.

The record shows that at about 5 :30 o'clock on the morning of October 16, 1955, the appellants engaged a room at the De Forest Motel in Susanville, the appellant Pitta registering therefor under an assumed name and falsely identifying Molarius as his brother. For a number of hours thereafter Mr. De Forest heard tapping sounds in the room occupied by appellants. At about 2 o'clock the following morning the appellants left the motel and were absent therefrom for approximately two hours. Mr. De Forest reported this to the police because, as he said, there had been recently a number of burglaries in Susanville. ▮ The chief of police ascertained that the automobile in which appellants were traveling was registered in the name of Rudy Alvarado who had failed to appear in the municipal court in Oakland upon two traffic citations. After receipt of this information a police officer, posing as an electrician, went to the De Forest Motel and observed the appellants who voluntarily admitted him and Mr. De Forest to their room. However, it does not appear that he gained any information indicating that appellants were engaged in any criminal activities or that either might be Rudy Alvarado. Nevertheless, the chief of police instructed his officers to keep appellants under surveillance and to ''arrest and hold Rudy Alvarado, if it was him in the car, or if there were any narcotics in the car.'' He testified that he did so because he had received a report from the State Bureau of Criminal Identification and Investigation that Rudy Alvarado and his car were wanted for violation of narcotic laws. However, the teletype reports to which the chief referred and which were introduced in evidence, show that, although Rudy Alvarado had been convicted of the unlawful use or of being addicted to the unlawful use of narcotics, there were not then any ''holds'' on him or the vehicle. Such past offense of Rudy Alvarado did not warrant the search made in the instant case. (*People* v. *Sanders,* 46 Cal.2d 247, 250 [294 P.2d 10].) ▮ Moreover, the evidence establishes that a month prior to the time in question Rudy

Alvarado had sold the automobile involved to appellant Molarius, who testified that at the time of his arrest he informed the officers that the certificate of ownership and insurance policy covering the automobile were in the glove compartment. An examination of such documents would have prima facie established a satisfactory explanation of appellant Molarius' possession of the automobile formerly owned by Rudy Alvarado. Such explanation would be wholly consistent with his innocence and would afford no basis for suspecting the presence of narcotics in the vehicle. (*People* v. *Gale*, 46 Cal.2d 253, 257 [294 P.2d 13].) The arresting officers did not testify that they entertained such suspicion or that any reason had been assigned for their orders to "watch the car." There is no evidence that the arresting officers had reasonable grounds to believe the appellants were in the illegal possession of narcotics. Therefore, the search of the vehicle cannot be justified upon such a belief. Neither does the evidence uphold appellants' arrest as vagrants. The arrest was made in downtown Susanville at about 10:30 p. m. The appellants had just left a restaurant where they had eaten. There was nothing suspicious about appellants' actions at that time. (*People* v. *Simon*, 45 Cal.2d 645, 650-651 [290 P.2d 531].) It is clear that the charge of vagrancy and the holding of appellants under the traffic violation charge without releasing them on citation and agreement to appear, were subterfuges to detain them in jail while the automobile was searched. The ruling of the court receiving in evidence the narcotics found in the car when searched is without substantial support, and the court should not, over objection, have admitted the narcotics in evidence. Since the judgments must be reversed for such error, it is unnecessary to consider appellant Pitta's contention that there was no evidence to support his conviction of having illegally transported the contraband which was found in the vehicle in which he was a passenger.

The judgments are reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied December 3, 1956, and respondent's petition for a hearing by the Supreme Court was denied December 12, 1956. Gibson, C. J., Shenk, J., and Spence, J., were of the opinion that the petition should be granted.