[Crim. No. 6062.   Second Dist., Div. Two.   Dec. 18, 1957.]

THE PEOPLE, Appellant, v. FAUSTINO M. SANSON et al., Respondents.

*Assigned by Chairman of Judicial Council.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Lewis Watnick, Robert Lederman, and Fred N. Whichello, Deputy District Attorneys, for Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), and Elias Powell, Deputy Public Defender, for Respondents.

FOX, Acting P. J.—Defendants[1] Sanson and Rodriguez were held to answer on the charge of violating section 11500 of the Health and Safety Code (possession of marijuana). Their motion to set aside the information under section 995, Penal Code, was granted. The People have appealed from the order.

At approximately 3 o'clock in the morning of June 1, 1957, Officer Gabe of the Los Angeles Police Department observed a 1947 Ford sedan being driven "very slowly" down Pacific Avenue from Avenue 48 in Venice. The officer "noted at the time that the car had no license plate illumination and that the taillight, instead of being the legal red, was a blue color." He followed the car for about five minutes and then stopped it. There were three young men in the front seat. Parra was the driver. When the officers turned on the red lights of the police car and pulled the other car over, Officer Gabe "noticed

---

[1]Defendant Parra was turned over to the juvenile court.

the two passengers . . . [Sanson and Rodriguez] appeared to be hiding something under the front seat . . ." As the officers approached the car the driver got out. Officer Gabe opened the door on the passenger's side and Sanson and Rodriguez got out.

The officer "looked under the seat to see what they had placed under there" and found a dirty paper bag directly under the place where normally a passenger would sit if there were only one passenger in the front seat. The bag contained marijuana.

In conversation with the police officers the defendants told the officers where they had purchased the marijuana.

It is the position of the defendants that the officers had no reasonable cause to search the car; that the seizure of the marijuana was therefore illegal and for that reason it was not admissible in evidence; consequently there was no basis on which to hold them to answer.

█ "The real criterion as to the reasonableness of a search is whether or not there has been the commission of a public offense in the presence of a police officer, or whether, under the facts, the police officer has reasonable grounds to believe that the defendant may have committed a felony." (*People* v. *Soto*, 144 Cal.App.2d 294, 298 [301 P.2d 45] and cases there cited.)

The factual picture here which the officers were called upon to evaluate is strikingly similar to that in *People* v. *Blodgett*, 46 Cal.2d 114 [293 P.2d 57], which also involved possession of marijuana. In that case police officers saw the defendant get into a cab that was double parked in front of a hotel at 3 a. m. Defendant, on entering the cab, sat on the left side of the rear seat. A woman who had just entered the cab was on the right side. The officers had been observing the cab as it stood double parked in front of the hotel and decided to investigate. They approached the cab and ordered the occupants to get out. As one of the officers "opened the left rear door he saw defendant withdraw his left hand from behind the seat at the juncture of the seat and back cushion." After the defendant got out, the officer removed the rear seat and found three marijuana cigarettes where defendant had withdrawn his hand. The arrest there, as here, was made without a warrant. On appeal defendant contended that the search of the cab was unlawful and the evidence obtained thereby was therefore inadmissible. In answering this contention the court stated: (pp. 116-117) "Although the cab driver

could have been arrested for double parking, the search of his cab cannot be justified on that ground, for it had no relation to the traffic violation and would not have been incidental to an arrest therefor. [Citations.] It was justified, however, on another ground. There is nothing unreasonable in an officer's questioning persons outdoors at night [citations], and in view of the hour and the unusual conduct of the occupants of the cab it was not unreasonable for the officers to order them to get out of the cab for questioning. Since Officer Barker saw defendant's furtive action in getting out, he had reasonable grounds to believe that he was hiding contraband and the search of the cab was therefore reasonable." ■ In the instant case the driver of the car could have been given a citation for his illegal lights but that would not have justified a search of the car for it would have had no relation to the traffic violation. ■ But the defective lights justified the officers in stopping the car. In fact, it was their duty to do so. (*People* v. *West*, 144 Cal.App.2d 214, 220-221 [300 P.2d 729].) It was proper for the officers to use their red light as a signal to the occupants of the other car to stop. This signal revealed to the defendants that police officers were at hand and desired to question them. ■ Conscious of the presence of the narcotic and fearing they would be apprehended for its possession, defendants immediately made movements, as did the defendant in the Blodgett case, which led the police to believe that they were hiding something under the front seat. As pointed out in *People* v. *Jiminez*, 143 Cal. App.2d 671, 674 [300 P.2d 68] : "It is a natural impulse on confrontation to hide immediately any contraband, and one cannot be heard to complain that he, or a companion, has betrayed the presence of illegal goods by the alacrity with which he attempted to conceal them." The significance of the movements of the defendants is that they were made immediately upon realizing they were to be confronted by the police. The defendants were simply exercising "a natural impulse." No such movements appear to have been made by any of them during the previous period the police had their car under surveillance. The movements of defendants take on added significance by reason of the fact that they were driving "very slow" at 3 o'clock in the morning—a time when motorists would be expected to be traveling at a normal (or faster) rate of speed in order to get home. In these circumstances, when the defendants got out of the car, it was entirely reasonable for the officer to look under the front seat. Upon dis-

covering the dirty paper bag it was proper for him to examine its contents. Thus the marijuana was discovered as the result of a reasonable search based upon reasonable cause therefor. (*People* v. *Blodgett, supra.*) This conclusion finds further support in the Jiminez case, *supra.* In that case there had been a juvenile gang war. The officers had been informed that several of the juveniles were armed with guns. They had been instructed to stop and question "suspicious juveniles" in cars or on foot. An officer observed a car with three young men in it drive by, circle the block and then park with a fourth young man in it. This was about six blocks from where the fight occurred. The officer approached the car and when he was about 4 feet away "he saw defendant Balazs, who was in the front seat, lean towards the seat of the car. He [the officer] thought he [Balazs] was reaching for a gun." The officer thereupon ordered the occupants out of the car. The court pointed out that the reasonableness of a search is not to be justified by what the search turns up "but by appearances to the searcher at the time of his action." So long as the officer reasonably evaluates these appearances and acts accordingly the rights of the accused are adequately safeguarded.

But, argue the defendants, the testimony of the officer that the passengers "appeared to be hiding something under the front seat" was a conclusion. However, there was no objection or motion to strike the officer's statement on the ground that it was a conclusion or otherwise. Defendants' sole objection at the preliminary hearing was that "this is an illegal search and seizure." In fact, counsel for defendants assumed the statement of the officer would be considered by the court for he argued that the search was not justified "even though the officers thought they saw something being hidden."

■ In the absence of an objection or a motion to strike the officer's statement the court was entitled to consider the officer's appraisal of the appearances as a factor in determining whether or not he acted reasonably in looking under the front seat and examining the contents of the dirty paper bag there found. This is not different in principle from the rule that hearsay evidence, if not objected to, may be used to support a finding or conviction. Both types of evidence, if not objected to, are competent. In *Falk* v. *Falk,* 48 Cal.App. 2d 780, 789 [120 P.2d 724], the court stated: "The appellant contends that plaintiff's affidavit is incompetent evidence for the reason that it contains averments which are hearsay and

which amount to mere conclusions. Even conceding that many of the averments of the affidavit are conclusions or hearsay, they became competent evidence for the reason that they were admitted without objection. [Citations.]'' This principle is reiterated in *Fallon* v. *Fallon,* 86 Cal.App.2d 872, 873, 874 [195 P.2d 878], and *Vartanian* v. *Croll,* 117 Cal.App.2d 639, 647-648 [256 P.2d 1022].)

The statement of the officer was only one of the facts the magistrate took into consideration in deciding that reasonable cause was established for searching the car. In making his ruling the court stated: ''I think the circumstances, the hour, the place, the speed and other factors including that of the appearance of secreting something is [sic] sufficient'' to show reasonable or probable cause for making the search.

In the premises it properly may not be said that the ruling of the magistrate was erroneous. (*People* v. *Blodgett, supra*; *People* v. *Jiminez, supra.*)

█ The evidence justifies a reasonable inference that the defendants had joint dominion and control of the marijuana. (*People* v. *Basco,* 121 Cal.App.2d 794, 796 [264 P.2d 88]; *People* v. *Hood,* 150 Cal.App.2d 197, 201 [309 P.2d 856].)

There being ample evidence before the magistrate justifying his order holding the defendants for trial in the superior court, it was error to set aside and vacate the information.

The order is reversed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.