[Crim. No. 2880.    Third Dist.    Jan. 9, 1959.]

THE PEOPLE, Respondent, v. CHARLIE ANDERS, Appellant.

Patrick R. Murphy, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

PEEK, Acting P. J.—The defendant Anders and his co-defendant, one Clifford Jones, were found guilty of a violation of section 11500 of the Health and Safety Code. Anders alone has appealed. The attorney who was appointed by this court to assist him on appeal has informed the court and the defendant that he finds no merit therein. The defendant who now appears in pro. per. has made three contentions, (1) that the court erred in permitting the introduction of evidence which defendant charges was obtained as the result of an illegal search and seizure, (2) that the evidence was insufficient to sustain the judgment, (3) that the trial court and the district attorney conspired to commit prejudicial error, and (4) that the court improperly instructed the jury on the elements of the offense charged.

The evidence shows that while Chief Young of the Atwater Police Department was driving in the vicinity of that city he

observed defendant's vehicle moving at a very slow rate of speed and weaving back and forth on the highway, thereby impeding the normal and reasonable flow of traffic. Young stopped appellant's vehicle and parked his car behind it. Defendant got out of his vehicle and approached Young, who was standing by the left front fender of the police car. Jones, the codefendant, remained seated in the passenger seat on the right side of the vehicle. While Young was citing appellant for the operation of his vehicle without a permit and for violation of section 514 of the Vehicle Code, Young observed a brown package leave the right side of defendant's car and fall to the ground. It landed near an oil can approximately 4 feet from the window on the passenger's side of the car. Young examined the package and discovered three cigarettes rolled in wheat straw paper and some debris which he determined to be marijuana. He thereupon placed appellant and Jones under arrest. The car was then searched and marijuana debris was found in the glove compartment. The search also disclosed a cigarette in a jacket owned by Jones. Upon his arrival at the Merced County jail, Anders was required to disrobe. The pockets of his clothing were then examined and like debris was found.

The basis for Anders' first contention appears to be that since admittedly he was stopped only for an alleged traffic violation and since no felony had been committed there could be no reasonable grounds to believe that defendant was the one who committed it, therefore the subsequent search of his car and his arrest were illegal.

The citation for a traffic violation of itself would not have justified a search of the car since that would have had no relation to the traffic violation. But when Chief Young saw the package fly out of the car a situation then was presented comparable to that in *People* v. *Sanson,* 156 Cal.App.2d 250 [319 P.2d 422], where the arresting officer saw the two passengers appear to hide something under the seat, or as in *People* v. *Blodgett,* 46 Cal.2d 114 [293 P.2d 57], where the officer saw the defendant withdraw his hand from behind the seat. ''The real criterion as to the reasonableness of a search is whether or not there has been the commission of a public offense in the presence of a police officer, or whether, under the facts, the police officer has reasonable grounds to believe that the defendant may have committed a felony.'' (*People* v. *Soto,* 144 Cal.App.2d 294, 298 [301 P.2d 45].)

Applying the rule stated to the facts in this case,

certainly Chief Young had reasonable grounds to believe that an offense had been committed. ■ Furthermore, as stated in *People* v. *Dewson*, 150 Cal.App.2d 119, 130 [310 P.2d 162] : "It is well settled that a search incident to a lawful arrest extends to the person as well as the premises under his control." In that case the defendant was arrested under suspicion of dealing in narcotics and narcotics were found in his vehicle. ■ It is also the rule that the actual finding of the narcotics in Anders' clothing and in the automobile owned by him was sufficient to warrant an inference of knowledge thereof on his part. (See *People* v. *One 1940 Chrysler*, 77 Cal.App.2d 306, at 314 [175 P.2d 585].)

■ To sustain a charge of possession it is necessary "to show knowledge on the part of the defendant [citation], such possession need not be exclusive, and may be shown by circumstances as well as by direct evidence, and may be constructive as well as physical." (*People* v. *Magdaleno*, 158 Cal. App.2d 48, 50-51 [322 P.2d 89].) ■ Thus the finding of narcotics in and about a room occupied by the accused raises a reasonable inference that the illegal drug is his even though he may share the room with another. (*People* v. *Van Valkenburg*, 111 Cal.App.2d 337 [244 P.2d 750].) A like rule was applied in the Sanson and Blodgett cases, *supra*, where an automobile was occupied by others as well as the owner driver. It follows that the evidence was amply sufficient to sustain the judgment.

■ Appellant next contends that it was prejudicial error for the court to allow testimony that he and Jones had sufficient "makings" for about 70 marijuana cigarettes; that the going price in that area was one dollar per cigarette and that he and Jones had in their possession some $94, $24 of which was in one dollar bills, the balance in larger amounts. It is argued that such evidence was inadmissible in that it only tended to prove another crime such as the selling of narcotics, while here defendants were only charged with possession. It is generally true that evidence of other crimes is inadmissible, but even if it be assumed that it was error to admit the evidence, certainly under the facts herein it cannot be held to have been prejudicially erroneous. (See *People* v. *Toms*, 163 Cal.App.2d 123, 126-127 [329 P.2d 90].)

■ Defendant's final contention is that the jury was improperly instructed as to the element of knowledge of the offense charged. The instruction was given in the language of CALJIC 703. It is quite apparent from the reading of that

instruction that the court properly instructed the jury that before defendant could be found guilty of possession the jury must find that he had possession of the narcotic and had knowledge of its presence and the narcotic character of the article alleged possessed by the defendant. We find nothing erroneous in said instruction.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.