[Crim. No. 1437. Fourth Dist. Feb. 24, 1960.]

THE PEOPLE, Respondent, v. DENNIS EUGENE GALCERAN, Appellant.

Dennis Eugene Galceran, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from an order granting probation after conviction of possession of a narcotic in violation of section 11500 of the Health and Safety Code. The case was tried before the court sitting without a jury.

The evidence disclosed that at approximately 11:30 p.m. on April 20, 1959, two police officers riding in a patrol car noticed a Mercury automobile on Broadway, a street in downtown San Diego. The police officers observed that the Mercury had no front license plate and they stopped the Mercury to investigate this violation of the Vehicle Code. Wiederspohn, Galceran's codefendant at the trial, was found to be driving the Mercury automobile but he did not have a driver's license. Galceran and two other persons were passengers in the automobile. In response to questioning, Wiederspohn stated that there had been no front license plate on the vehicle. Upon being asked for registration, Wiederspohn produced a registration which had the name of another person on it. None of the occupants of the car was the person to whom the vehicle was registered. Wiederspohn at first said that he had purchased the Mercury automobile from a used car lot, but upon further questioning he said that he had purchased it from a friend. One of the other occupants of the

automobile claimed to have registered the vehicle, but it was not registered in his name. The registration slip produced by Wiederspohn seemed irregular because the registration number was written in with a pen instead of being stamped on with a rubber stamp. The officer compared the registration slip with one on a car nearby to confirm this. Wiederspohn could produce no other evidence of his ownership of the car. The officer had prepared a citation for Wiederspohn charging him with driving without a license and failing to properly register the vehicle. The officer then asked the occupants of the car to step out of it to enable him to look for further evidence of the ownership of the automobile. The officer looked inside the car from the outside with his head and shoulders inside the car. He saw a piece of paper protruding from the heater vent under the dashboard on the right side. The paper proved to be a piece of newspaper written in Spanish and containing a quantity of marijuana. Later in the same evening Officer Tulley had a conversation with Galceran. Galceran said he did not remember the last time he had been to Tijuana; that he had not been there and then he refused to say anything on the grounds that it might tend to incriminate him. Shortly thereafter at the police station a search was made of Galceran's clothing and debris or dregs of marijuana were found in his sport shirt pocket.

During the following morning Officer Ritchey of the Narcotics Detail of the San Diego Police Department had a conversation with Galceran in which Galceran said that he and Wiederspohn had gone to Tijuana the preceding afternoon and purchased $4.00 worth of gas. Upon being asked if he had purchased any marijuana, Galceran stated "absolutely not" and added that he never used it, never smoked it and didn't know what it looked like.

Wiederspohn made a full confession to the police in which he said that Galceran, using money contributed in part by both men, had purchased the marijuana from a taxi driver in a Tijuana bar. Since this confession was made outside the hearing of Galceran, as to him it was hearsay and was properly not considered by the court below in its determination of his case. Neither Galceran nor Wiederspohn took the stand in his own defense.

After sentence was imposed, defendant filed a notice of appeal from the judgment and order denying his motion for new trial and requested this court to appoint an attorney to represent him on his appeal. Both defendant and his attorney

at the trial were requested to inform this court of possible meritorious grounds of appeal. Both defendant and his trial counsel failed to respond to this request and no suggestions as to what errors defendant relied on in taking his appeal have been received by this court.

This court then made an independent examination of the record and determined that it would not be of value to the defendant or helpful to the court to have appellate counsel appointed. (*People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Marsh,* 170 Cal.App.2d 284 [338 P.2d 495].) The defendant was informed that his request for counsel had been denied and he was requested to file an opening brief or make such other showing as he might desire.

The evidence is sufficient to support the conviction. (*People* v. *Antista,* 129 Cal.App.2d 47 [276 P.2d 177].)

██ " 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' " (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

██ At the trial, defendant's attorney objected to the introduction of the evidence of the marijuana found in the vehicle and on defendant's person, citing the cases of *People* v. *Gale,* 46 Cal.2d 253 [294 P.2d 13] and *People* v. *Molarius,* 146 Cal.App.2d 129 [303 P.2d 350] in support of his objection to the introduction of this evidence. We have examined these cases and other cases bearing on the same issue of law and the evidence in the record and have concluded that the search here conducted by the officers was reasonable and that the evidence resulting therefrom was properly received and considered by the court.

The officers testified that they observed the vehicle late at night and that it had no front license plate as required by law. ██ It is well established that police officers may reasonably stop vehicles violating traffic laws, parking regulations, or vehicles which have defective equipment in violation of the requirements of the Vehicle Code. (*People* v. *Blodgett,* 46 Cal.2d 114 [293 P.2d 57]; *People* v. *Underhill,* 169 Cal.App. 2d 862 [338 P.2d 38]; *People* v. *Sanson,* 156 Cal.App.2d 250 [319 P.2d 422]. See also *People* v. *Cantley,* 163 Cal.App.2d 762 [329 P.2d 993] and *People* v. *Anders,* 167 Cal.App.2d 65 [333 P.2d 854].) ██ Having stopped the vehicle in which defendant was riding and inquiring as to the absence of a front license plate and receiving no satisfactory explanation of

the plate's absence, the officer promptly and properly proceeded to inquire as to the driver's license and the ownership of the vehicle. Immediately it was discovered that the driver was not licensed and that the vehicle was registered to someone not present at the time. Conflicting explanations of the vehicle's registration were made. Upon being shown the registration slip of the vehicle and examining it, the officer discovered that it was filled in in an irregular manner. There is no question that the state, in the exercise of its lawful authority, may require vehicles to be properly licensed and registered. (*People* v. *Kirby*, 38 Cal.App.2d Supp. 768 [99 P.2d 603].)

 This requirement of registration of vehicles is designed for the protection of owners and prospective purchasers and other persons who might have reason to deal with or be affected by the operation of the vehicle in question. (*Stoddart* v. *Peirce*, 53 Cal.2d 105, 119 [346 P.2d 774].) It is a matter of common knowledge that automobile thieves often switch license plates from one car to another in order to conceal the identity of the stolen vehicle and that the registration slips on stolen vehicles are often altered or forged. To a certain extent, the fact that the driver of a car not registered in his name was also unlicensed might be additional evidence that he did not own the car in question, since few automobile owners are not licensed as operators. Under these circumstances, the officer properly asked the occupants of the vehicle to alight and proceeded to search the vehicle in order to ascertain if additional information as to the ownership thereof could be obtained. (*People* v. *Blodgett, supra*; *People* v. *Wiley*, 162 Cal.App.2d 836 [328 P.2d 823].) The case of *People* v. *Molarius, supra*, cited by counsel for defendant during the trial is distinguishable on the grounds that in that case the search conducted bore no relation to the traffic citation which was issued. In the instant case, the search was to uncover documents or other evidence pertaining to the vehicle's ownership and therefore was directly related to the citation which the officer issued to the driver of the vehicle. The case of *People* v. *Gale, supra*, also cited by counsel for the defendant during the trial, is distinguishable because in that case a reasonable explanation of the damaged condition of the vehicle was given, whereas in the instant case the driver's explanation of the fact that the vehicle was not registered in his name was not only confusing but it was contradictory in that he said first that he had purchased the vehicle from a used car lot and then he stated that he had purchased it from

a friend. These contradictory statements, coupled with the other circumstances of the case, furnished sufficient cause for the officer's search of the vehicle. (*People* v. *Sanson, supra*; *People* v. *Anders, supra*; *People* v. *Blodgett, supra*.) ■ The fact that the search disclosed evidence of a different crime from that suspected at the time the search was instituted does not prevent the use of the evidence disclosed. (*People* v. *Lujan*, 141 Cal.App.2d 143 [296 P.2d 93] ; *People* v. *Ortiz*, 147 Cal.App.2d 248 [305 P.2d 145] ; *People* v. *Roberts*, 47 Cal.2d 374 [303 P.2d 721].) It does not appear that a judgment was entered or that a motion for new trial was made or denied. Sentence was suspended and an order was made granting probation. We will assume this appeal was from this order.

No error appears in the record. The evidence was sufficient to support the charge.

Order granting probation affirmed.

Shepard, J., and Coughlin, J., concurred.