[Crim. No. 8553.   Second Dist., Div. Two.   Mar. 6, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. SHARON SHAPIRO, Defendant and Appellant.

Stanley C. Poster for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was found guilty of violating section 11530, Health and Safety Code (possession of marijuana). She has appealed.

At about 1 a.m. on March 23, 1962, Los Angeles Police Officers Allen and Gates observed defendant come out of a bar on Figueroa Street and enter an unoccupied 1961 Ford convertible which had its top up. It was parked "approximately at 11th Street." When she started the car which was headed south on Figueroa, Officer Gates noticed that the tail light was out. The officers followed her in a marked police car. They turned on their emergency red light, then sounded the horn "several times" and then flashed their large auxiliary flash light across the back of defendant's car. Defendant appeared to notice the officers. She slowed down at the corner of 12th and made a right turn on 12th. She stopped at Trenton which is one block west of Figueroa. Prior to defendant stopping, she leaned over in the seat so far that her head went out of Officer Allen's view. While making this movement her car turned in toward the curb, the front tire hitting the curb and bouncing off. It was then that defendant stopped.

Because of these actions on the part of defendant, Officer Allen looked inside the car after she alighted from it. Underneath the front seat ("approximately in the middle") he found a brown paper bag that contained a green leafy substance which proved to be marijuana. Further search under the floor mat turned up foreign debris which was 10 per cent marijuana.

Defendant denied any knowledge that marijuana was in the car. It had been stolen twice, once about two months and the

other time approximately two and a half weeks before this incident. It had been recovered each time and returned to the defendant's husband by the Santa Monica Police Department. The car was very dirty when returned the second time, and was taken to a car washing place.

Defendant maintained that when the officers stopped her she had been driving around the block, while waiting for her brother to come out of a restaurant where he had gone to see if a man, with whom he had an appointment, had arrived; that when she was bringing her car to a stop she dropped a cigarette she was smoking and bent down to pick it up. In response to Officer Gates' statement that she was not smoking when she entered her car, defendant replied that she did not remember what she was doing.

Defendant contends there was no showing of probable cause sufficient to justify the search of her car and therefore the marijuana that was found under the front seat was the product of an illegal search and was not admissible in evidence.

██ "The real criterion as to the reasonableness of a search is whether or not there has been the commission of a public offense in the presence of a police officer, or whether, under the facts, the police officer has reasonable grounds to believe that the defendant may have committed a felony." (*People* v. *Soto,* 144 Cal.App.2d 294, 298 [301 P.2d 45] and cases there cited.) ██ In *People* v. *Ingle,* 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577], the court pointed out (p. 412): "There is no exact formula for the determination of reasonableness. Each case must be decided on its own facts and circumstances. [Citations.]" Probable cause is shown if it is "supported by evidence which inclines the mind to believe, but leaves some room for doubt." (*Id.* p. 413.) ██ In reviewing the trial court's finding on this question we must bear in mind that the rule allowing the trial court to determine the credibility of witnesses and the weight of their evidence is applicable, and that we must accept all evidence and all reasonable inferences therefrom in support of the lower court's ruling. (*People* v. *Fisher,* 184 Cal.App.2d 308, 312-313 [7 Cal.Rptr. 461].)

Applying these principles to the factual picture here, it cannot be said, as a matter of law, that the officers did not have reasonable cause to stop defendant and search her car. ██ The officers observed the absence of a tail light. This justified the officers in following defendant and stopping her.

(*People* v. *West*, 144 Cal.App.2d 214, 220-221 [300 P.2d 729].) ▇ While she could have been given a citation for her illegal lights, this would not have justified a search of the car for it would have had not relation to the traffic violation. (*People* v. *Blodgett*, 46 Cal.2d 114, 116-117 [293 P.2d 57].) ▇ It was proper for the officers to use their red light, horn and auxiliary flash light as a signal to the driver to stop. ▇ However, she did not stop immediately—she continued to travel the better portion of two blocks. Officer Allen put it this way: "We followed her from 11th to 12th, and from 12th to Trenton. . . ." It was during this period that defendant leaned over in the seat so far that her head went out of the officer's view. It was while she was making this movement that her front wheel hit the curb and bounced off. It was late at night—approximately 1 a.m. It is a reasonable inference from the use of the lights of the police car that defendant was aware that the police were after her and wanted her to stop. As pointed out in *People* v. *Jiminez*, 143 Cal.App.2d 671, 674 [300 P.2d 68]: "It is a natural impulse on confrontation to hide immediately any contraband" one may have in his possession. The significance of defendant's movement is that it was made almost immediately upon realizing she was to be confronted by the police. They could reasonably draw the inference that defendant was simply exercising "a natural impulse." Defendant's delay in stopping when the police signaled and her furtive act in leaning over so far just before she did stop reasonably justified the police in suspecting she possessed contraband and was attempting to hide it when she realized the officers were about to stop her. The officers were therefore justified in searching the area in which it appeared defendant might have been trying to hide contraband. Thus probable cause for making the search was established and the product of such search was admissible in evidence. (*People* v. *Sanson*, 156 Cal.App.2d 250 [319 P.2d 422]; *People* v. *Jiminez*, *supra*.)

In *Sanson* the officers followed a car going slowly at night and signaled it to stop. It had a blue, instead of the legal red, tail light and had no license plate illumination. When the officers turned on their red light, one of them noticed that two of the passengers "appeared to be hiding something under the front seat." When the car stopped and the passengers got out, one of the officers went to the front seat to see if the defendants had put anything under it. He found a dirty paper bag containing marijuana. (*Id.* pp. 251-252.)

This court held the search legal and said: ". . . [T]he defective lights justified the officers in stopping the car. . . . It was proper for the officers to use their red light as a signal to the occupants of the car to stop. This signal revealed to the defendants that police officers were at hand and desired to question them. Conscious of the presence of the narcotic and fearing they would be apprehended for its possession, defendants immediately made movements, . . . which led the police to believe that they were hiding something under the front seat. . . . The significance of the movements of the defendants is that they were made immediately upon realizing they were to be confronted by the police. . . . Thus the marijuana was discovered as the result of a reasonable search based upon reasonable cause therefor. . . ." (*Id.* pp. 253-254.)

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.