**Jack R. ALLEN, Petitioner,**

v.

**Hoyt C. CUPP, Warden, Respondent.**

**Civ. 68–35.**

United States District Court
D. Oregon.

March 5, 1969.

------◆------

Howard R. Lonergan, Portland, Or., for petitioner.

Robert Y. Thornton, Atty. Gen., Helen B. Kalil, Asst. Atty. Gen., Salem, Or., for respondent.

## OPINION AND ORDER

SOLOMON, Chief Judge:

Jack R. Allen (Petitioner) was convicted of burglary by a State Court jury. The Oregon Supreme Court affirmed in a 4–3 decision. 85 Or.Adv.Sh. 699, 434 P. 2d 740 (1967). He filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 et seq., alleging that his confession, introduced at trial, was the product of an illegal arrest and therefore inadmissible. All available State Court remedies have been exhausted.

Petitioner was a suspect in the burglary of a Southern Oregon business, but the police did not have sufficient evidence to make an arrest. A police officer, responding to a teletype announcement that Petitioner was wanted in connection with the burglary, stopped Petitioner as he was driving a car implicated in the burglary. The officer asked to see Petitioner's driver's license, and Petitioner pro-duced a Washington license. During the ensuing conversation Petitioner stated that he had been in Oregon more than one month, whereupon the officer arrested Petitioner for driving without an Oregon license. The Oregon Supreme Court found the arrest valid under Oregon law, stating that operating a car without an Oregon driver's license, after being in Oregon more than one month, is prima facie evidence of a violation of ORS § 482.040. Violation of this statute gives a police officer discretion to arrest the driver and take him into custody, or merely to issue a citation. In this case the officer arrested Petitioner, and the Oregon Supreme Court concedes that this was done to maintain custody over him while the burglary charge was being investigated. Eventually a warrant on the burglary charge was issued and Petitioner was arrested. He later confessed. In this proceeding Petitioner does not contend that the confession was involuntary, or that it violated his privilege against self-incrimination, except insofar as it was the product of an illegal arrest.

Petitioner contends that his arrest on the traffic charge was a subterfuge and therefore illegal. He also asserts that his confession stemmed from the illegal arrest, was "fruit of the poisonous tree" and therefore inadmissible under Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).[1]

Police use of minor traffic offenses to arrest people suspected of felonies, where there is insufficient evidence to arrest for the major crime, has been the subject of great controversy. The overwhelming number of reported decisions involve attempts by the police to use the arrest to invoke the "search-incident-to-a-lawful-arrest" exception to the rule which

---

1. In *Wong Sun* the Supreme Court held that a confession which is the product of an illegal arrest is inadmissible. The case came to the Court on a petition for certiorari following a conviction in a United States District Court for a federal narcotics offense. Although it was originally believed that *Wong Sun*

might have been decided under the Court's supervisory powers, Rogers v. United States, 330 F.2d 535, 541 (5th Cir. 1964), it now appears that the decision was based on the Fourth Amendment. Berger v. New York, 388 U.S. 41, 52, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967).

ordinarily requires a search warrant issued on probable cause. In these cases the issue before the Court is the admissibility of evidence discovered in the search which the prosecution asserts was incident to a lawful arrest.

Although Courts often state that the arrest was a ruse or a subterfuge, and frequently hold the resulting evidence inadmissible, the validity of the arrest itself is not necessarily before the Court. Many of these cases involve a search for and seizure of evidence which is inadmissible even though the arrest is valid. Most courts exclude the evidence on the theory that the search was beyond the scope of the arrest. E. g., Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir. 1968) United States v. Harris, 321 F.2d 739 (6th Cir. 1963); People v. Molarius, 146 Cal.App.2d 129, 303 P.2d 350 (1963); People v. Mayo, 19 Ill.2d 136, 166 N.E.2d 440 (1960).

The Court of Appeals for the Ninth Circuit follows the minority view that an arrest which is a subterfuge is per se illegal. See Taglavore v. United States, 291 F.2d 262 (9th Cir. 1961). In Taglavore defendant was suspected of a narcotics offense. The government issued a warrant for his arrest on two minor traffic charges. When he was approached with this arrest warrant, he moved his hand to his mouth suggesting that he was swallowing something. The police applied pressure to his throat and stomach, forcing his mouth open, and discovered the remains of a marijuana cigarette. On appeal from a conviction for illegal possession of narcotics, the Court stated that the issue was whether the evidence

was obtained by an illegal search and seizure. The Court held that the search and seizure were illegal, not on the theory that they were beyond the scope of an otherwise valid arrest, but on the theory that because the arrest was a sham it was illegal and would not support any search. See also State v. Tomich, 332 F.2d 987 (9th Cir. 1964).

The Oregon Supreme Court admitted that Petitioner's arrest was used to maintain control over him while the felony charge was being investigated. This finding compels me to hold Petitioner's arrest illegal under the Ninth Circuit test.[2]

Petitioner was in custody approximately 30 hours before he confessed. I find that the confession was a product of the illegal arrest and therefore inadmissible.

I am reluctant to set aside this conviction where the evidence clearly demonstrates that defendant committed the burglary. But the decisions of the Ninth Circuit Court of Appeals holding that a pretext arrest is illegal and violates federally protected constitutional rights require that I do it .

Petitioner's application for a writ of habeas corpus is granted. The State of Oregon is ordered to release him from custody within 30 days unless prior to that date the State of Oregon grants Petitioner a new trial or unless the defendant obtains a stay pending appeal.

This opinion shall constitute findings of fact and conclusions of law pursuant to Rule 52(a), Federal Rules of Civil Procedure.

---

2. The distinction between the Ninth Circuit approach and the approach of other courts is important if *Wong Sun* is limited to confessions which result from illegal arrests. Since I have held the arrest illegal, I need not decide whether *Wong Sun* was intended to abolish the distinction between confessions and other evidence gathered in searches. Of course, if *Wong Sun* did abolish this distinction, it would not be important that the arrest was illegal. See Rogers v. United States, 330 F.2d 535 (5th Cir. 1964).