[Civ. No. 33804.  Second Dist., Div. One.  Apr. 29, 1969.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; VICTOR VEGA et al., Real Parties in Interest.

[Crim. No. 15805.  Second Dist., Div. One.  Apr. 29, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. VICTOR VEGA et al., Defendants and Respondents.

(Consolidated Cases.)

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Petitioner and Plaintiff and Appellant.

No appearance for Respondent.

No appearance for Real Party in Interest and Defendant and Respondent Pitts.

Richard S. Buckley, Public Defender, Lawrence R. Johnson, Alan H. Simon, and John L. McCormick, Deputy Public Defenders, for Real Party in Interest and Defendant and Respondent Vega.

WOOD, P. J.—Defendants were accused of violating section 11530 of the Health and Safety Code (unlawful possession of marijuana). Their motions to suppress evidence (Pen. Code, § 1538.5) and to dismiss the information (Pen. Code, § 995) were granted by a minute order dated September 23, 1968. The People petitioned this court (2d Civ. 33804) for a writ of mandate compelling the superior court to vacate the order granting the motion to suppress evidence, and the People appealed (2d Crim. 15805) from the order suppressing evidence and from the order setting aside the information and dismissing the case. This court ordered that the hearing on the petition be deferred until the hearing of the appeal.

Appellant-petitioner (People) contends that the seizure of marijuana was reasonable, and that the court erred in suppressing that evidence; and that the court erred in setting aside the information.

At the preliminary examination, defendants' motion to suppress evidence was denied, and the magistrate found that there was reasonable cause to believe that defendants were guilty of violating section 11530 of the Health and Safety Code. The evidence at the preliminary examination may be summarized as follows:

On July 20, 1968, about 2 or 3 a.m., Officers Vanderplas and Mercer were in uniform (California Highway Patrol) in a "marked" police car on Woods Avenue near First Street in East Los Angeles. They saw a Chevrolet automobile traveling northbound on Woods Avenue "without any lights at all on" —the car was "entirely dark." The officers "pulled in behind" the Chevrolet and displayed the red lights on the police car. When the red lights came on, the driver (Vega) of the Chevrolet appeared to shuffle the upper portion of his body abnormally, as though he were grabbing something on the front seat. The Chevrolet turned right on First Street and stopped. Defendant Vega was driving the Chevrolet, and defendant Pitts was in the front seat next to him. Officer Vanderplas got out of the police car and ran, with a lighted flashlight, toward the Chevrolet. He saw defendant Vega make a "furtive movement" by "leaning over slightly to the right and forward" and he saw defendant Pitts "leaning

slightly to her left and bending forward." When he (officer) was next to the Chevrolet, he saw Vega pushing a white box under the front seat and Pitts putting a "metallic tin" under the front seat by the box. At that time, the beam of the officer's flashlight was shining through a window of the Chevrolet. There were also fluorescent overhead street lights; and the headlights of the police car, which was parked half a carlength behind the Chevrolet, were on "high beam." Vega got out of the Chevrolet at the officer's request and Pitts said that she was very ill and was on the way to the hospital. The officer "secured" Vega to the back of the Chevrolet and took the white box, which was protruding 2 or 3 inches, from under the front seat. The box contained cigarette wrapping papers and a brown leafy substance resembling marijuana. Defendants were arrested, and Officer Vanderplas searched the Chevrolet and found the tin can which Pitts had put under the front seat. (It is not clear from the record what, if anything, was in the can.)

The officers did not have a warrant of arrest or a search warrant. It was stipulated that the contents of the box included marijuana.

The superior court heard the motion to suppress evidence (Pen. Code, § 1538.5) and the motion to set aside the information (Pen. Code, § 995) and granted the motions by a minute order dated September 23, 1968.[1] In response to an inquiry from the deputy district attorney after the decision was announced at the hearing of the motions, the judge said: "I granted the 1538.5 first. Having done that, it left no evidence in this case on which the People could proceed. Therefore, I granted the 995. You can always appeal that order." As previously stated, the People petitioned this court for a writ of mandamus compelling the superior court to vacate the (portion of the) order of September 23, 1968, granting the motion to suppress evidence, and appealed from said order setting aside the information.

In *People* v. *Superior Court,* 271 Cal.App.2d 338, 345 [76 Cal.Rptr. 712], filed April 1, 1969, the trial court, at the time it granted defendant's motion to suppress evidence

---

[1]The minute order states: "Each. The cause is called for hearing on the defendants' motions under Sections 1538.5 and 995 of the Penal Code. It is stipulated that the Court may read the transcript of the preliminary hearing in connection with the motion under Section 1538.5 of the Penal Code. The motion is argued and granted. The motion under Section 995 of the Penal Code is argued and granted, and the cause is dismissed. Bail exonerated."

(Pen. Code, § 1538.5), dismissed the case pursuant to defendants' motion to set aside the information (Pen. Code, § 995), "rather than dismissing the case on its own motion" (Pen. Code, § 1385). The People petitioned this court for a writ of mandamus compelling the trial court to vacate the order granting the motion to suppress, and the People appealed from the order granting both motions. It was held therein that the trial court "acted in excess of its jurisdictions in dismissing the case on defendant's motion under section 995, Penal Code." The court reversed the portion of the order "dismissing the case under section 995," considered the merits of the petition for writ of mandamus, and issued a writ of mandamus directing the superior court to vacate the order granting defendant's motion to suppress evidence. In the present case, the trial court exceeded its jurisdiction in dismissing the case pursuant to defendants' motion to set aside the information.

■ With reference to the merits of the petition for a writ of mandamus herein, the petitioner (People) contends that the seizure of the marijuana was reasonable and that the court erred in granting defendants' motion, under section 1538.5 of the Penal Code, to suppress evidence (marijuana). Section 1538.5 provides in part as follows: "(a) A defendant may move . . . to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on the ground that: (1) The search or seizure without a warrant was unreasonable; . . . ."

In *People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823], it was said: "A search without a warrant is proper where it is incident to a lawful arrest based on reasonable cause to believe that the accused has committed a felony. Such a search is not rendered unlawful merely because it precedes rather than follows the arrest. [Citations.] Reasonable or probable cause is shown if a man of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty."

In *People* v. *Sanson,* 156 Cal.App.2d 250 [319 P.2d 422], officers in a police car saw a Ford automobile with defective lights driving slowly on a street at 3 o'clock in the morning. The officers turned on the red lights of the police car and "pulled the other car over." At that time, one of the officers noticed that the two passengers (defendants) in the car "appeared to be hiding something under the front seat."

When the officers approached the car, the driver got out; and the officer opened a door of the car, and the defendants got out. The officer then "looked under the seat to see what they had placed under there," and he found a bag which contained marijuana. The court noted (pp. 253-254) that the defective lights justified the officers in stopping the car; it was their duty to stop the car; it was proper to use the red lights as a signal to stop the car; the defendants' movements after the red lights were turned on led the officers to believe that defendants were hiding something under the seat; defendants had not made any such movements before the red lights were turned on; and it was 3 o'clock in the morning. It was held (p. 254) that "the marijuana was discovered as the result of a reasonable search based upon reasonable cause therefor." (See *People* v. *Blodgett,* 46 Cal.2d 114 [293 P.2d 57]; *People* v. *Wigginton,* 254 Cal.App.2d 321 [62 Cal.Rptr. 104]; *People* v. *Shapiro,* 213 Cal.App.2d 618 [28 Cal.Rptr. 907].)

In the present case, the officers saw the Chevrolet being driven at 2 or 3 a.m. "without any lights at all on"; they turned on the red lights and pulled in behind the Chevrolet; the driver (Vega) of the Chevrolet, who had not made any bodily movements before the red lights were turned on, then shuffled the upper portion of his body and appeared to grab something on the front seat; when the Chevrolet stopped, and while one of the officers was approaching it with a lighted flashlight, defendant Vega made a "furtive movement" by "leaning over slightly to the right and forward," and defendant Pitts, who was sitting next to Vega on the front seat, leaned to the left and bent forward; when the officer reached the car, and while he and his flashlight were outside the car, he saw defendant Vega pushing the white box under the front seat, and he saw defendant Pitts putting the tin can under the front seat; Vega then got out of the car, and the officer reached into the car and picked up the white box, which was protruding about 2 or 3 inches from under the seat; and the box contained marijuana. The marijuana was obtained by a reasonable search based upon reasonable cause therefor. (*People* v. *Sanson, supra*; *People* v. *Wigginton, supra*; *People* v. *Shapiro, supra.*) Respondent Vega's[2] argument that the illumination[3] from the beam of the officer's

---

[2]Respondent Pitts has not made an appearance herein.

[3]As previously stated, illumination was also afforded by the street lights and by the "high beam" headlights of the police car.

flashlight invaded Vega's privacy is without merit. (See *People* v. *Cacioppo*, 264 Cal.App.2d 392, 396-398 [70 Cal.Rptr. 356].) The court erred in granting the motion to suppress evidence.

The order dismissing the case (part of minute order of September 23, 1968) is reversed. The appeal from the order granting defendants' motion to suppress evidence (part of minute order of September 23, 1968) is dismissed. Let a writ of mandamus issue directing the respondent superior court to vacate its order of September 23, 1968, granting each defendant's motion to suppress evidence and make an order denying said motions.

Fourt, J., and Lillie, J., concurred.

The petition of real party in interest and respondent Vega for a hearing by the Supreme Court was denied June 25, 1969. Peters, J., was of the opinion that the petition should be granted.