382 A.2d 1212

**COMMONWEALTH of Pennsylvania**

v.

**Vernon BESS, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1977.

Decided Jan. 26, 1978.

Andrew G. Gay, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Robert Fogelnest, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Vernon Bess was convicted by a jury of murder of the second degree, robbery and criminal conspiracy. After post-verdict motions were denied, the court sentenced appellant to life imprisonment on the murder charge, a concurrent term of five to ten years on the robbery charge, and five to ten years on the conspiracy charge to run concurrently with the robbery sentence. Appellant argues that the murder weapon introduced at trial was seized in violation of *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).[1] We affirm.[2]

The police received information implicating appellant in the shooting death of a retired detective during a robbery of a bar. On March 28, 1975, at about 5:30 a. m., several police officers went to appellant's home, where appellant's brother admitted them. Officer William Trudell and a detective discovered appellant asleep in a second floor bedroom. Officer Trudell, armed with a shotgun, shined a flashlight into the room. As he began to enter, he awakened appellant and

1. We hear the appeal from the judgment of sentence on the conviction of murder of the second degree pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977). Failure of the Commonwealth to object to jurisdiction of this Court over the appeals from judgments of sentence on the other convictions perfects our jurisdiction under the Act, § 503(a), 17 P.S. § 211.503(a). *Commonwealth v. London,* 461 Pa. 566, 337 A.2d 549 (1975).

2. Appellant also contends that inculpatory statements should have been suppressed under Pa.R.Crim.P. 130 and *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). We find this contention without merit.

directed him to get out of bed. When Officer Trudell was within a few feet of appellant, he saw appellant sit up and start to reach either under the bed or below the mattress. Officer Trudell immediately seized appellant, pushed him against the wall and, as the second officer came around the bed to guard appellant, reached under the mattress and withdrew a .22 caliber automatic pistol. The gun, later identified as the weapon responsible for the victim's death, was introduced at trial.

A third officer entered the room and stood guard over appellant while Officer Trudell unloaded the pistol. The officers then ordered appellant to get dressed. When appellant had put on some clothes, the officers handcuffed him and brought him to the Police Administration Building. The police did not conduct a search of appellant's room or house and did not seize any evidence other than the pistol.

Incident to a lawful arrest, police officers may conduct a warrantless search of the person arrested and the area within that person's immediate control in order to remove any weapons that might be used to facilitate escape or resist arrest, and to prevent destruction of evidence. *Chimel v. California,* supra; *Commonwealth v. Davis,* 466 Pa. 102, 351 A.2d 642 (1976).[3] Whether an item has been properly seized pursuant to a search incident to arrest depends upon the facts of each case. The central question is whether the area searched is one "within which [the arrested person] might gain possession of a weapon or destructible evidence." *Chimel v. California,* supra at 763, 89 S.Ct. at 2040.

Here, the police observed appellant reach below the bed when he spotted the officers enter the room. Officer Trudell immediately performed a search limited to that area under the mattress into which appellant had appeared to be reaching and which was within a few feet of appellant's position against the wall. Indeed, the testimony of Officer

---

**3.** Appellant has not in this appeal challenged the lawfulness of his arrest.

Trudell at the suppression hearing indicates that he was able to withdraw the gun with one hand while holding appellant with the other. No other search was conducted. In these circumstances, the search was justified to prevent danger to the arresting officers.

Appellant argues that once he was brought under control, there was no need for a search incident to arrest. Thus, because he was guarded while Officer Trudell ran his hand under the mattress, appellant contends that there was no danger that any evidence or weapons under the mattress might have fallen into his hands. Appellant misconceives the nature of *Chimel.* Most, if not all, *Chimel* searches occur after the arrested person has been brought under some degree of control. Here, although appellant was under police guard, the arresting officers could reasonably believe that a weapon was under the mattress and that appellant might and could attempt to use it. So long as it is reasonable for an arresting officer to believe that the individual arrested might be able to seize weapons or evidence from an area within his immediate control, that area may be searched incident to arrest. *Chimel v. California,* supra.

The situation confronting the arresting officers here resembles that described by the United States Supreme Court as one justifying a search incident to arrest: "A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested." *Chimel v. California,* supra at 763, 89 S.Ct. at 2040. It must be remembered that the search conducted here was specifically aimed at an object the police had reason to believe was in a particular place within appellant's grasp. Appellant's arrest was not used as a pretext to ramble through the premises in search of incriminating evidence, see id., the search was not remote in time or place from the arrest, *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (search conducted at police station more than an hour after arrest was not incident to arrest when footlocker searched was in exclusive police control), and the item seized was not in the exclusive control of the police when the search occurred, id.

Appellant has not challenged the lawfulness of his arrest. Accordingly, we hold that the weapon seized was admissible as evidence discovered pursuant to a search incident to a lawful arrest.

Judgments of sentence affirmed.