171 N.J. Super. 390 (1979)
409 A.2d 802
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH L. HAYBURN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 5, 1979.
Decided December 11, 1979.
*391 Before Judges BISCHOFF, BOTTER and DWYER.
Pellettieri and Rabstein, attorneys for appellant (David R. Hamilton on the brief).
John J. Degnan, Attorney General, attorney for respondent (Carol M. Henderson, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BOTTER, J.A.D.
The sole question on this appeal is the validity of a warrantless search of the trunk of an automobile driven by defendant who was stopped for speeding by a state trooper. Purportedly for the purpose of looking for the vehicle's registration certificate, the trooper compelled defendant to open the trunk where he found, instead, a large load of marijuana. In a prior appeal from defendant's conviction we remanded the case for a hearing, recognizing, in an unreported opinion, that defendant raised "substantial questions as to the validity of the warrantless search...."[1]
*392 On April 16, 1976 defendant was operating a vehicle bearing New York license plates in Mansfield Township, New Jersey. He was stopped by a state trooper for speeding at 63 m.p.h. in a 55 m.p.h. zone. Defendant had a valid driver's license in his possession but was unable to produce a registration certificate for the car. Instead, he showed the trooper a bill of lading from AAACON Auto Transport, Inc., consisting of three documents which he had received from AAACON. The documents pertained to the delivery of the car to a consignee, Carl Blumenthal, of 4210 Ave. R., Brooklyn, New York.
The trooper would not accept the documents in lieu of the registration certificate, so defendant looked for it in the glove compartment and above the visor, but he could not find it. Eventually the trooper suggested that it might be in the trunk, but defendant said he did not think so. Defendant knew the trunk contained marijuana. However, he finally opened the trunk of the car because he felt compelled to do so by the trooper's insistence. In these circumstances the trial judge found that the State failed to prove that the trunk lid was opened with defendant's consent. See State v. Johnson, 68 N.J. 349, 353-354, 346 A.2d 66 (1975).
Defendant opened the trunk lid and tried to close it hastily, but the trooper prevented him from doing so because, the trooper testified, when the lid was raised he detected the odor of marijuana. The trunk contained a large quantity of marijuana packed in black plastic bags.
Before the trunk lid was opened there was no probable cause to believe that the car was stolen or contained contraband. The trooper testified that he had no reason to believe the vehicle was *393 a stolen vehicle. He made no NCIC check, nor did he attempt to communicate with the alleged owner whose name, address and telephone number were on one of the documents. The trial judge found that "We do not have [a] probable cause situation prior to the trunk being opened." The only basis for stopping defendant was a traffic offense, speeding. Defendant was required to have a registration certificate in his possession when driving a car on New Jersey roads. N.J.S.A. 39:3-29. His violation of this section was also a traffic offense, not a crime.
We conclude that the police officer had no right to make a warrantless search of the trunk of the car against defendant's wishes even if he wanted to search for the car's registration certificate. As stated above, there was no probable cause to believe the car was stolen. In these circumstances, for traffic violations only, defendant could not be compelled to submit to a search of the trunk of the car against his will. State v. Slockbower, 79 N.J. 1 (1979); People v. Judge of Seventh Jud.D.C., 55 Mich. App. 471, 222 N.W.2d 778 (Ct.App. 1974); but cf. State v. Gammons, 113 N.J. Super. 434, 437 (App. Div.), aff'd o.b. 59 N.J. 451 (1971) (search of the glove compartment of a car which had been towed from the scene of an accident after the driver had been removed to a hospital and did not have the certificate in his possession). Not every traffic violation by itself will justify a search of all parts of the vehicle. State v. Boykins, 50 N.J. 73, 77 (1967); People v. Gonzalez, 356 Mich. 247, 97 N.W.2d 16 (Sup.Ct. 1959).
State v. Gammons, supra, relied upon State v. Boykins, supra, which contained dictum to the effect that an officer "may search the car for evidence of ownership" if the driver is unable to produce proof of ownership. However, a registration certificate was not involved in Boykins.
In Boykins the court said that the behavior of the car's occupants in fleeing from the police strongly suggested that the occupants had been involved in a "substantial criminal affair" and that they or the car probably possessed "contraband or *394 instruments or the fruit of crime." Id., 50 N.J. at 78. On this basis a search of the car was upheld after the car was stopped and three occupants were apprehended while fleeing. (Indeed, the fourth occupant had been shot and killed by the police during the high-speed chase.)
Citing Boykins, the court in State v. Hock, 54 N.J. 526, 533 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970), repeated the dictum that a vehicle can be searched for evidence of ownership. In Hock an expired registration certificate was produced which corresponded to the license plates on the car, but the registration certificate was for a different automobile, an Oldsmobile, not the Cadillac that had been stopped. In addition to this, one of the occupants had engaged in suspicious behavior while the car was driven to the precinct headquarters. Finally, when the right front door was opened to permit a "routine" inventory search, a revolver was seen protruding from under the right front seat. This was the search that was upheld.
Just as the issues in Boykins and Hock differ from the issue before this court, the cases cited by them do not support the broad, bare proposition that all parts of a car can be searched for a registration certificate which a driver cannot produce after being stopped for an ordinary traffic violation. The cases invariably have other elements that serve to justify the search. The two cases cited in Boykins, People v. Prochnau, 251 Cal. App.2d 22, 59 Cal. Rptr. 265 (D.Ct.App. 1967), and Draper v. State, 265 F. Supp. 718 (D.Md. 1967), are examples.
In Prochnau defendant was on parole when arrested for parole violation. The teletype "want" for defendant had described the car he was driving and stated that he was reportedly armed and possessed drugs that he was attempting to sell. After his arrest the car was impounded and towed to the police station. There, to complete the tow form, an officer had to record the name of the owner and a description of the vehicle's contents. Looking for the registration the officer found a key to the glove compartment which he opened. There he found *395 two automatic pistols as well as the registration certificate. A sawed-off shotgun was found in a suitcase in the trunk. The search for the registration certificate was upheld, and the court ruled that the discovery of loaded pistols in the glove compartment justified the search of the car's trunk.
In Draper, supra, defendant was driving a car with temporary license tags. When stopped for a "routine registration and license check,"[2] 265 F. Supp. at 720, defendant produced a registration in a name other than his own, but said he had no driver's license. He was arrested and taken to the sheriff's office so that he could post bail, but the car was left at the scene. At the sheriff's office defendant said he had no identification and that he had no hope of raising bail. As a result, the police went back to the scene to secure the car. In the process they found three checks under the front seat. These led to defendant's conviction for forgery and uttering a false instrument. The police testified that they searched the car looking for further identification, presumably of defendant. In these circumstances the search was upheld. Moreover, as it turned out, the court found that defendant had neither a proprietary nor a substantial possessory interest in the car and, therefore, had no standing to complain of the search.
Similarly, the cases cited in State v. Hock, supra, to support a broad warrantless automobile search whenever a driver cannot produce a registration certificate are distinguishable in different degrees. United States v. Washington, 249 F. Supp. 40 (D.D.C. 1965), aff'd Washington v. United States, 130 U.S.App.D.C. 374, 401 F.2d 915 (D.C. Cir.1968) (search of glove compartment which defendant said contained the registration card, also incident to lawful arrest for protection of officer); People v. Shapiro, 213 Cal. App.2d 618, 28 Cal. Rptr. 907 (D.Ct.App. 1963) (delay in *396 stopping automobile accompanied by furtive movements amounted to probable cause); People v. Galceran, 178 Cal. App.2d 312, 2 Cal. Rptr. 901 (D.Ct.App. 1960) (search incident to lawful arrest, with unlicensed driver of vehicle lacking a front license plate and conflicting explanations were given for an irregular registration slip bearing a stranger's name); People v. Sanson, 156 Cal. App.2d 250, 319 P.2d 422 (D.Ct.App. 1957) (suspicious movements of car's occupants); People v. Thomas, 31 Ill.2d 212, 201 N.E.2d 413 (Sup.Ct. 1964), cert. den. 380 U.S. 936, 85 S.Ct. 948, 13 L.Ed.2d 824 (1965) (search incident to lawful arrest for protection of police); People v. Tadlock, 59 Ill. App.2d 481, 208 N.E.2d 100 (App.Ct. 1965) (searches justified in part by plain view of cartridges in glove compartment opened voluntarily by driver looking for the registration certificate and in part as an incident to a lawful arrest); State v. Sullivan, 65 Wash.2d 47, 395 P.2d 745 (Sup.Ct. 1964) (plain view sighting of drug ampoule on floor of car as motorist, stopped for speeding, stepped out of car).
Boykins and Hock, and cases cited therein, were written when the Fourth Amendment was thought to afford less protection against automobile searches. The United States Supreme Court has recently reminded us that the automobile incantation does not have the magical power to dissolve the Fourth Amendment. Delaware v. Prouse, supra, n. 2, 440 U.S. at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673 (condemning random stops of motorists for license checks). One does not surrender his right to privacy of things in a suitcase because it is placed in an automobile, even if there is probable cause to believe that the suitcase contains contraband or evidence of a crime. Arkansas v. Sanders, 442 U.S. 253, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). An automobile is less sacred than a home, Preston v. United States, 376 U.S. 364, 366, 84 S.Ct. 881, 882, 11 L.Ed.2d 777, 780 (1964), but the search of an automobile still has limitations. *397 Id. An ordinary motor vehicle offense will not justify a so-called inventory search, and the search will also be condemned if it is a pretext for general investigatory purposes. State v. Slockbower, supra, 79 N.J. at 13;[3]State v. Ercolano, 79 N.J. 25 (1979).
Thus, we conclude, that without the consent of defendant the search of the car trunk, allegedly to see if it contained the registration certificate, was invalid.
We reverse the conviction, direct that the evidence obtained in the unauthorized search of the car trunk be suppressed, and remand the case to the trial court for the entry of an order vacating the judgment of conviction.
Reversed and remanded.
NOTES
[1] Defendant's motion for leave to appeal from the first order denying his motion to suppress was denied by us, and defendant thereafter entered a guilty plea to possession of marijuana with intent to distribute. Execution of his sentence to the county jail for 364 days was stayed by the trial judge pending an appeal. This court reversed the order denying the motion to suppress which had been entered in the trial court without holding an evidentiary hearing and without appropriate findings, and remanded the case to the trial court for such a hearing and findings. This appeal is taken from the denial of the motion to suppress after the remand.
[2] Random stops for this purpose, sanctioned in this state by State v. Kabayama, 98 N.J. Super. 85 (App.Div. 1967), aff'd o.b. 52 N.J. 507 (1968), have recently been held unconstitutional. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).
[3] We hesitate to conclude that such a pretext existed here because defendant had told the trooper that the owner's belongings were in the trunk.