414 A.2d 113

**COMMONWEALTH of Pennsylvania**

v.

**Michael LONG, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1979.

Decided May 2, 1980.

370

John H. Corbett, Jr., Paulette Balogh, Asst. Public Defenders, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, M. Susan Ruffner, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The validity of a warrantless police search of an automobile trunk is challenged on this appeal. We conclude that the police lacked probable cause for the search and that the evidence found in the locked trunk should therefore have been suppressed. Accordingly, we reverse and order a new trial.[1]

At 1:30 a. m. on May 5, 1975, officers patrolling in a marked police car observed an automobile proceeding through an intersection without stopping for a stop sign.

---

1. This case was reassigned to the writer on December 17, 1979.

The officers followed this car for several blocks. After weaving from side to side, the car pulled to the curb in front of a residence. The officers parked their car and watched as a passenger Jesse C. Booker left the car, knelt beside the passenger door, and then walked toward the residence. At this time the officers stopped Booker. The police then asked appellant Michael Long, the driver of the car, as well as another passenger, to get out of the car. Police detected the smell of alcohol on appellant's breath, and after he was unable to produce a driver's license or automobile registration police arrested him. Appellant and the other passenger were then searched for weapons.

Upon reaching the scene, one of several other officers responding to the call discovered a revolver and a clear plastic bag containing several packets, later identified as heroin, beneath the car on the passenger side. Officers then opened the trunk of appellant's car where they found marijuana and heroin.[2]

■ Prior to trial, appellant sought to suppress the drugs found in the car trunk. The court, however, denied the motion to suppress. After a non-jury trial, appellant was convicted of possession with intent to deliver the narcotics discovered in the trunk and sentenced to two and one-half to five years imprisonment.[3] The Superior Court, equally di-

---

2. At trial, a police officer testified that he asked appellant whether there was "a possibility I could look into his trunk or should I go get a warrant." Appellant permitted the officer to open the trunk. On this record, however, the trial court specifically ruled that consent had not been freely given. Our review of the record discloses that the trial court's ruling was proper. Nor does the Commonwealth contend that appellant's "consent" to the search was valid. We therefore need not reach the issue of whether an individual arrested for driving while intoxicated can knowingly and voluntarily waive Fourth Amendment rights by consenting to a search. See generally, II LaFave, Search and Seizure: A Treatise on the Fourth Amendment, § 8.2 (1978).

3. Appellant was also charged with violations of the motor vehicle code and carrying a firearm without a license. The trial court sustained appellant's demurrer to these charges.

vided, affirmed the conviction.[4] We granted allowance of appeal.[5]

■ An individual operating an automobile has a reasonable expectation of privacy in the security of the automobile against unreasonable searches and seizures. *Arkansas v. Sanders*, 442 U.S. 753, 760 n.7, 99 S.Ct. 2586, 2591, 61 L.Ed.2d 235 (1979). Cf. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) (Fourth Amendment prohibits discretionary "spot checks" of automobiles by police); *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973) (invalidating "routine" police stops). The driver's expectation is that the locked trunk of his car will not be the subject of police scrutiny absent a warrant or the existence of one of the limited circumstances in which probable cause will support the warrantless search. See *Commonwealth v. Lewis*, 442 Pa. 98, 275 A.2d 51 (1970); *Wimberly v. Superior Court*, 16 Cal.3d 557, 547 P.2d 417, 128 Cal.Rptr. 641 (1976).

■ In this case the search of appellant's trunk cannot be justified as a search incident to a lawful arrest for a motor vehicle violation. We have previously stated that "the stopping of an automobile or the arrest of the driver of

4. The Opinion in Support of Affirmance was authored by Van der Voort, J., joined by Cercone and Price, JJ. Judge Spaeth authored the Opinion in Support of Reversal and was joined by Jacobs, P. J., and Hoffman, J.

5. The Commonwealth now contends, for the first time on this appeal, that appellant failed to preserve properly the question of the legality of the search because his written post-trial motions did not raise the claim with sufficient specificity. The Commonwealth's argument is without merit. Unlike *Commonwealth v. Austin*, 484 Pa. 56, 398 A.2d 941 (1979), where this Court held that the defendant did not sufficiently specify the reason his confession should have been suppressed, here appellant has sufficiently specified his sole grounds for invalidating the search of the trunk. In his post-verdict motion appellant alleged that the trial judge improperly denied his "pre-trial application." The record reflects that the only pre-trial application was an "Application to Suppress Evidence." Appellant's reference to the "pre-trial application" was sufficiently specific to preserve this claim for review because appellant's reference necessarily was only to the suppression of the evidence seized from the trunk. Indeed, at every stage of this proceeding both our courts and the Commonwealth have been able to discern the specific challenge appellant raises.

a motor vehicle for an ordinary traffic offense does not, without more, permit a warrantless search of the vehicle." *Commonwealth v. Lewis,* 442 Pa. 98, 101, 275 A.2d 51, 52 (1971) (police had no probable cause to justify a search of the vehicle following stop for taillight violation). Warrantless searches incident to arrest, however, are permitted for the protection of the arresting officer or to prevent the destruction of evidence. Accordingly, the scope of such a search is limited to the areas immediately accessible to the suspect while in the custody of the officer. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Here, it cannot be contended that appellant, after exiting the automobile and being patted down by police, had access to the closed, locked trunk of the car. Thus the police search of appellant's trunk cannot be viewed as a search incident to arrest. See *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1976); see also, *Commonwealth v. Bess,* 476 Pa. 364, 382 A.2d 1212 (1978); *People v. Dalton,* 24 Cal.3d 850, 598 P.2d 467, 157 Cal.Rptr. 497 (1979); *State v. Hayburn,* 171 N.J.Super. 390, 409 A.2d 802 (1979).

Nor is the search of the trunk justified by the Commonwealth's claim that the police, upon discovery of the weapon and narcotics under the passenger side of the car, had "independent probable cause to believe that a felony has been committed by the occupants of the vehicle." *Commonwealth v. Shaffer,* 447 Pa. 91, 104, 288 A.2d 727, 735 (1972). The Commonwealth's argument incorrectly presumes that if one occupant is engaged in a felonious act, here possession of contraband, then all occupants including the driver may also be viewed as participants in that felonious act. Unlike in *Shaffer,* in this case the record supports the conclusion that the gun and narcotics were placed under the car only by Jesse Booker when he knelt beside the door upon exit. Any probable cause to suspect that a felony had been committed implicates only the passenger, Jesse Booker. Cf. *United States v. Di Re,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948) (person's mere presence in a car does not supply probable cause to search that individual notwithstanding police officer's reasonable belief that the car contained contraband). The Commonwealth has shown no nexus between

appellant and Booker's possession of contraband. See *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

> Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be.

*Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979). See also, *Commonwealth v. Platou*, 455 Pa. 258, 312 A.2d 29 (1973), cert. denied, 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974) (warrant for search of apartment not sufficient to justify search of apartment visitor's suitcase). Therefore, probable cause cannot be imputed to appellant based on Booker's felonious act.

Likewise, there is nothing in *Shaffer* to indicate that Booker's possession of contraband supports the search of an area like the trunk here, where a justifiably greater expectation of privacy has been manifested. In *Shaffer*, this Court permitted a police search only of the car's interior. In reviewing the validity of a warrantless automobile search it must be recognized that the open areas of the car differ from the locked trunk, where the owner of the vehicle manifests a greater expectation of privacy. On facts strikingly similar to those of this case the California Supreme Court ruled that, on the record presented, police had probable cause to search the passenger section of an automobile, but not sufficient probable cause to search the entire car. *Wimberly v. Superior Court*, 16 Cal.3d 557, 547 P.2d 417, 128 Cal.Rptr. 641 (1976). There the police stopped the defendant's car and, after searching the car's interior on the basis of an observation of contraband in plain view, the officers searched the trunk. The court ruled that the officer's observation of contraband justified a search of the interior, but did not justify the trunk search, stating that "a separate and distinct intrusion of defendant's privacy occurred when the trunk was unlocked and opened—an intrusion, moreover

into the area of the car in which the defendant probably had the greatest reasonable expectation of privacy." *Id.* at 567, 547 P.2d at 424, 128 Cal.Rptr. at 648 (quoting *People v. Superior Court [Courie]*, 44 Cal.App.3d 207, 118 Cal.Rptr. 586 (1974)). *Commonwealth v. One 1958 Plymouth Sedan*, 418 Pa. 457, 211 A.2d 536 (1965) (officers' mere suspicion that automobile crossing state line is carrying illegal alcohol insufficient to supply probable cause to search the trunk). See also *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979), cert. denied, 444 U.S. 1032, 100 S.Ct. 704, 62 L.Ed.2d 668 (1980) (great expectation of privacy of account holder in bank account records).

We recognize that in *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the Supreme Court of the United States suggested that an individual has a diminished expectation of privacy when operating an automobile. It must be remembered, however, that the Court's recent decision in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1976) suggests that the *Chambers* rationale is not applicable when the search extends to an area of the car in which the owner has justifiably manifested a great expectation of privacy. As Professor LaFave points out:

"[t]he Court in *Chadwick* declared that a person's expectation of privacy in personal luggage is substantial as 'luggage is intended as a [repository] of personal effects.' But the trunk of a car is also intended as such a repository, and thus it is not apparent why, if '[b]y placing personal effects inside a double-locked footlocker, respondents [in *Chadwick*] manifested an expectation that the contents would remain free from public examination,' there is not the same expectation when effects are secured in the locked trunk of a car. It will not suffice to point to what the Court in *Chadwick* called 'the diminished expectation of privacy which surrounds the automobile,' for the reasons given for that reduced expectation are inapplicable to the locked trunk—its contents are not in plain view, looking within the trunk would not 'ordinarily be permissible in order to insure the running safety of a car,' and an

impounded car and its contents may be adequately protected without intruding into a locked trunk." [footnotes omitted]

II LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 7.2, pp. 540–41 (1978 and Supp.1980). We agree with Professor LaFave. Thus, we conclude that the search of the locked automobile trunk was unreasonable, in violation of Art. I, § 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution, and the evidence seized must be suppressed. Accordingly, we reverse the Order of the Superior Court affirming judgment of sentence and grant appellant a new trial.

FLAHERTY, J., files a dissenting opinion in which LARSEN and KAUFFMAN, JJ., join.

FLAHERTY, Justice, J., dissenting.

I dissent. I would affirm the judgment of sentence and uphold the warrantless search of the trunk on the basis of our decision in *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972).

The majority opinion misconstrues and misapplies the rule enunciated in *Commonwealth v. Lewis*, 442 Pa. 98, 275 A.2d 51 (1971) and followed in *Commonwealth v. Shaffer*. We held in *Shaffer* that a warrantless search of an automobile is justified where "an officer [has] independent probable cause to believe that a felony has been committed by the occupants of the vehicle. . . ." *Commonwealth v. Lewis*, 442 Pa. at 101, 275 A.2d at 52, *Commonwealth v. Shaffer*, 447 Pa. at 104, 288 A.2d at 735. Thus, the threshold inquiry in this case is one of probable cause.

Probable cause, although a somewhat nebulous concept, is a standard which must be approached in a common-sense fashion. We have often stated that probable cause exists if the facts and circumstances within the knowledge of the police officer at the time of the arrest are sufficient to warrant a man of reasonable caution in believing that the suspect has committed or is committing a crime. *Commonwealth v. Jones*, 478 Pa. 172, 177, 386 A.2d 495, 497 (1978). This test is not one of certainties, nor is it equivalent to a

prima facie showing of criminality; rather, it is a test of probabilities which are to be evaluated in the context of common sense practical considerations. *Commonwealth v. Dickerson*, 468 Pa. 599, 605, 364 A.2d 677, 681 (1976); *Commonwealth v. Hall*, 456 Pa. 243, 317 A.2d 891 (1974).

The facts here clearly support a finding of probable cause.[1] The police saw an occupant of the vehicle step out of the car and kneel down beside it. Almost immediately thereafter, an officer discovered a loaded gun and a bag of suspected drugs beneath the car in the same area where the occupant had knelt. The incident occurred in a high crime area, and the police were familiar with the reputations of two of the occupants.[2] These facts, when viewed in conjunction with the time of night, the condition of the vehicle and the condition of the operator (as well as his inability to produce either a driver's license or automobile registration) are more than sufficient to warrant a man of reasonable caution in the belief that appellant, as well as the other occupants of the vehicle, were involved in criminal activity. Following *Shaffer*, once the police had probable cause to believe the occupants were involved in a felony, they were justified in searching the trunk of the car.

The majority's attempt to draw a distinction between the driver and the passenger is but a thinly veiled attempt to distinguish this case from *Shaffer*. The distinction has no merit. In *Shaffer*, as here, the appellant was the driver of the car. In both cases, contraband (stolen jewelry in *Shaffer*) was discarded from the vehicle by one of the other passengers. Moreover, there, as here, the police were uncertain as to the ownership of the car at the time they searched it.[3] The facts of *Shaffer* are virtually undistinguishable

1. The suppression court found that the police had independent probable cause to believe the occupants of the vehicles were engaged in felonious activity. See discussion infra.

2. The majority opinion omits these two facts.

3. The majority characterizes the trunk as "appellant's" and fails to recognize that at the time of the search, the police had no idea who owned the car. For all they knew, the car may have belonged to

from the facts here, yet the majority reaches a completely contrary result. If the majority wishes to overrule *Shaffer*, then it should at least acknowledge that it is doing so.

In addition to failing to follow *Shaffer*, the majority totally disregards this Court's standard of review. "The suppression court, which hears and evaluates the testimony, is required to make findings of fact and conclusions of law . . . our responsibility on review is 'to determine whether the record supports the factual findings of the court and the legitimacy of the inferences and legal conclusions drawn from those findings.' " *Commonwealth v. Kichline*, 468 Pa. 265, 280, 361 A.2d 282, 290 (1976). We are not free to find the facts as we believe they should be, as the majority appears to do today.

The majority states: "The Commonwealth's argument incorrectly presumes that if one occupant is engaged in a felonious act, here possession of contraband, then all occupants including the driver may also be viewed as participants in the felonious act." Ante at 115. This is not merely the Commonwealth's argument. The suppression court specifically found that, considering all the circumstances, there existed "probable cause to believe that a felony [had] been committed by the occupants [of the vehicle]." A determination of the suppression court is certainly entitled to considerably greater deference than that afforded it by the majority. The record fully supports the suppression court's determination; thus it should not be disturbed on appeal.

Accordingly, I dissent.

LARSEN and KAUFFMAN, JJ., join.

Booker, the passenger who discarded the gun and heroin. Given this possibility, the police were certainly justified in searching the car.