# Commonwealth v. James

C.P. of Berks County, No. CP-06-CR-1231-2014

*Justin Bordor*, for Commonwealth.
*Steven E. Kellis*, for defendant.

BOCCABELLA, *J.*, July 9, 2014—

## FINDINGS OF FACT

1. On October 05, 2013, at approximately 3:28 a.m., Trooper Rebecca Clatch and Trooper Rutt of the Troop L Hamburg Station were on duty in a marked patrol vehicle traveling southbound on SR61. Trooper Rutt was operating the vehicle and nearly sideswiped a "blur" on the west side of the roadway.

2. Trooper Rutt passed and to pull over in to a nearby parking lot and waited for the "blur" to investigate what it was. According to Trooper Clatch the defendant (Zackary Keith James) was swerving back and forth on the berm of the road on a bicycle. The video of the incident shows no incursion of the bicycle into the southbound lane of travel.

3. The defendant made a right turn on to Hughes Hill Rd. and the Troopers conducted a vehicle stop. Upon making contact with the rider, Trooper Clatch detected a strong odor of an alcoholic beverage emanating from his person and observed blood shot glassy eyes.

4. Trooper Clatch noted in her report that the defendant's

light on the bicycle was very dim and "possibly" had no reflector on the rear of the pedal cycle. The video of the incident clearly shows a reflection on the rear of the bicycle. Trooper Clatch asked the defendant where he was coming from. The defendant said he was coming from his friend's house and going home. He also said he had a few drinks.

5. The defendant was then asked to submit to a series of standardized field sobriety tests ("SFST"). Trooper Clatch testified that she was certified to administer the SFST on the date in question. She further testified that the defendant failed the SFST's.

6. At the conclusion of said SFST, the defendant was placed under arrest for suspicion of Driving Under the Influence ("DUI") of Alcohol.

## CONCLUSIONS OF LAW

1. "Where a defendant files a motion to suppress, the burdens of production and persuasion are on the Commonwealth to prove the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. West*, 834 A.2d 625 at 629 (Pa. Super. 2003), citing *Commonwealth v. Wilmington*, 729 A.2d 1160 (Pa. Super. 1999); *See also* Pa.R.Crim.P. 581(H).

2. The Constitution of the Commonwealth of Pennsylvania provides:

The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or seize any person or things shall issue without describing them as nearly as may be, nor without probable case, supported by oath or affirmation subscribed to by the affiant.

374

Pa. Const. art. I, § 8.

3. "An officer may conduct a full custodial search of a suspect when the suspect is lawfully arrested. *Commonwealth v. Clark*, 735 A.2d 1248, 1251 (Pa. 1999) citing *Commonwealth v. Long*, 414 A.2d 113, 115 (Pa. 1980). "When an officer makes an unlawful arrest, any evidence seized during a search incident to the arrest must be suppressed." *Id.* citing *Commonwealth v. Lovette*, 450 A.2d 975, 981 (Pa. 1981).

4. To be valid, an arrest must be supported by probable cause. In re R.P., 918 A.2d 115 (Pa. Super. 2007). It is the prosecution's burden of establishing, with reasonable specificity, facts sufficient to establish probable cause. *Commonwealth v. Bartlett*, 406 A.2d 340 (Pa. 1979).

5. In determining whether probable cause exists, Pennsylvania uses a totality of the circumstances test which focuses on the circumstances as seen through the eyes of a trained officer. *Commonwealth v. Dommel*, 885 A.2d 998 (Pa. Super. 2005), *appeal denied*, 920 A.2d 831 (Pa. 2007). Subjective intentions play no role in ordinary, probable cause fourth amendment analysis of arrests. *Arkansas v. Sullivan*, 532 U.S. 769 (2001).

6. "Probable cause to arrest exists where the facts and circumstances within the police officer's knowledge...are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *In re R.P.*, 918 A.2d 115, 121 (Pa. Super. 2007) quoting *Commonwealth v. Valentin*, 748 A.2d 711, 715 (Pa. Super. 2000) (quotation and quotation marks omitted). "Probable cause must be 'viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training.'" *Id.* quoting *Commonwealth v.*

*Clark*, 735 A.2d 1248, 1252 (Pa. 1999).

7. Determinations of probable cause must be based on a common-sense, nontechnical analysis. *In the Interest of D.W.*, 629 A.2d 1387 (Pa. Super. 1993). Probable cause exists when criminality is one reasonable inference; it need only be the only, or even the most likely, inference. *Commonwealth v. Burnside*, 625 A.2d 678 (Pa. Super. 1993).

8. It is the facts and circumstances within the personal knowledge of the police officer that frames the determination of the existence of probable cause necessary for arrest. *Commonwealth v. Galendez*, 27 A.3d 1042 (Pa. Super. 2011). Probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act. *Id.*

9. "[I]t is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented." *Commonwealth v. Santiago*, 980 A.2d 659, 664 (Pa. Super. 2009); *See also Commonwealth v. Costa-Hernandez*, 802 A.2d 671, 675 (Pa. Super. 2002); *See also Commonwealth v. Quiles*, 619 A.2d 291, 292 (Pa. Super. 1993) citing *Commonwealth v. Smith*, 577 A.2d 1387, 1388 (Pa. Super. 1990).

75 Pa.C.S.A § 3507. Lamps and other equipment on pedalcycles.

(a) Lamps and reflectors. — Every pedalcycle when in use between sunset and sunrise shall be equipped on the front with a lamp which emits a beam of white light intended to illuminate the pedalcycle operator's path and visible from a distance of at least 500 feet to the

front, a red reflector facing to the rear which shall be visible at least 500 feet to the rear and an amber reflector on each side. Operators of pedalcycles may supplement the required front lamp with a white flashing lamp, light-emitting diode or similar device to enhance their visibility to other traffic and with a lamp emitting a red flashing lamp, light-emitting diode or similar device visible from a distance of 500 feet to the rear. A lamp or lamps worn by the operator of a pedalcycle shall comply with the requirements of this subsection if the lamp or lamps can be seen at the distances specified.

10. In this case, Trooper Rutt and Trooper Clatch were on routine duty when *"they"* almost sideswiped a "blur." Based on the police report and testimony of Trooper Clatch, the Troopers did not have reasonable suspicion or probable cause to initiate a "vehicle" stop of the defendant. There is no evidence that the defendant committed a vehicle code violation prior to the Troopers' decision to conduct a stop. Almost getting sideswiped by a police vehicle *is not* a Vehicle Code Violation. Furthermore, the video tape submitted into evidence is inconsistent with Trooper Clatch's testimony and report. The video did not clearly show the defendant swerving back and forth or crossing the fog line. Additionally, the video *did* show that the defendant's pedal cycle had lighting in front and a sufficient reflector in the rear.

The court holds the evidence presented is not sufficient to establish reasonable suspicion or probable cause to support a lawful stop. Based on the totality of the circumstances, the court finds that the Commonwealth has not met its burden of a proper vehicle stop. The court finds that the asserted ground for initiating the stop was merely pretextual and not the result of an observation of a violation of the Motor Vehicle Code. Based on all of the foregoing,

this court holds that the vehicle stop occurred in violation of the defendant's constitutional rights. Accordingly, any evidence derived from the stop is inadmissible as fruit of the poisonous tree.

10. The defendant's motion for suppression of the evidence is granted.

## ORDER

And now, this 9th day of July 2014, it is hereby ordered that the defendant's motion for suppression of the evidence is granted.